Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000654
11-FEB-2013
08:40 AM

NO. CAAP-11-0000654

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
ALFRED KALANI BEAVER, JR., Defendant-Appellant.

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC-CR NO. 08-1-532)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Leonard and Ginoza, JJ.)

Defendant-Appellant Alfred Kalani Beaver, Jr. (Beaver) appeals from the Judgment of Conviction and Sentence, filed on August 17, 2011 in the Family Court of the Third Circuit (family court).[1]

After Beaver's Deferred Acceptance of No Contest Plea (DANC Plea) was set aside, Beaver was convicted of Persistent Nonsupport, in violation of Hawaii Revised Statutes (HRS) § 709-903 (1993).

On appeal, Beaver contends that the family court erred by setting aside his DANC Plea on the basis that he refused to follow his probation officers' instruction that he sign a form stating the terms and conditions of his deferral after an Amended

---

[1]  The Honorable Lloyd Van De Car presided.

Order Granting Motion for Deferred Acceptance of No Contest Plea (Amended Order Granting DANC Plea) was entered.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Beaver's point of error as follows:

Beaver contends that his DANC Plea should not have been revoked "merely because he declined to comply with a probation officer's unreasonable request for a redundant and superfluous signature on September 13, 2010." Beaver argues that the Amended Order Granting DANC Plea was made *nunc pro tunc* to January 13, 2010; that he signed the terms and conditions on January 13, 2010, which were attached to the original Order Granting DANC Plea; and that the new terms and conditions form that his probation officer wanted him to sign was the same as the one he had already signed on January 13, 2010.

We review the family court's order setting aside the DANC plea for abuse of discretion. State v. Naone, 92 Hawai'i 289, 306, 990 P.2d 1171, 1188 (App. 1999) (citation omitted). "An abuse of discretion occurs if the trial court has clearly exceeded the bounds of reason or has disregarded rules or principles of law or practice to the substantial detriment of a party litigant." Id. (quoting State v. Davia, 87 Hawai'i 249, 253, 953 P.2d 1347, 1351 (1998)).

Beaver's argument is best captured by his assertion that "[t]here is nothing in [the] amended order or the records of this . . . case that the trial court intended for its amended order to impose any additional requirement or burden on Mr. Beaver, including signing terms and conditions again." Beaver is simply incorrect.

The Amended Order Granting DANC Plea corrected the original Order Granting DANC Plea by reflecting that restitution for child support had been ordered by the family court. The

original Order Granting DANC Plea mistakenly did not include restitution. Notably, Beaver does not contest that the family court ordered restitution for child support during the January 13, 2010 hearing at which his DANC Plea was granted or that the original Order Granting DANC Plea erroneously failed to reflect the restitution.

The terms and conditions form signed by Beaver on January 13, 2010, required that he comply with the reasonable instructions of his probation officer. The terms and conditions also required Beaver to make restitution if the court had ordered restitution. Contrary to Beaver's argument, signing a new terms and conditions form upon entry of the Amended Order Granting DANC Plea was a reasonable instruction by his probation officer, even if the terms and conditions attached to the amended order was the same as the one he previously signed. Beaver's probation officer Ruben Cardenas (Cardenas) testified that it was part of statewide probation policy and procedure to explain the order and the changes and to have Beaver sign so that he could comply. Beaver's signing meant he understood and was willing to abide with the conditions set forth in the order.

The original Order Granting DANC Plea erroneously did not reflect the condition of restitution upon Beaver. When probation officer Gordlyn Surigao (Surigao) reviewed the original Order Granting DANC Plea and the terms and conditions of probation with Beaver, she did not know that restitution for child support had been ordered because it was not on the face of the original order. Surigao testified that it was Beaver who brought up child support and Beaver appeared to be under the impression it was a separate issue that had been dismissed.

When the Amended Order Granting DANC Plea was issued, Surigao forwarded the new documentation to Cardenas, who was supervising Beaver on Oahu, to have it executed by Beaver. Cardenas met with Beaver on September 13, 2010, showed him the

amended order, explained the change regarding restitution, and informed Beaver that he had to sign the amended documentation. In response, Beaver refused to sign despite being instructed to do so. Beaver told Cardenas that he did not agree to the restitution. Cardenas warned Beaver that his deferral could be revoked.

Surigao also contacted Beaver by telephone to explain the amended order; to advise Beaver that he was required to sign the amended terms; and advised Beaver that if he refused to sign, his deferral could be revoked.

It was reasonable to require Beaver to sign a new terms and conditions form in September 2010 after the amended order was issued. It is undisputed that the family court ordered Beaver to pay restitution for child support when Beaver's DANC plea was granted at the January 13, 2010 hearing. However, when Beaver signed the terms and conditions on January 13, 2010, the original Order Granting DANC Plea did not reflect the restitution and he was thus not informed by probation officer Surigao that he was required to comply with the restitution requirement. When the Amended Order Granting DANC Plea was issued, it reflected the restitution requirement, which in turn made clear that a condition of the court's order was that Beaver pay restitution.

Probation officers Cardenas and Surigao made reasonable instructions to Beaver that he sign the terms and conditions after the amended order was issued to ensure his understanding of the amended order and so that he would comply. Beaver's refusal to sign the document and recognize that he agreed to restitution as a valid condition of his deferral was a refusal to follow the reasonable instructions by his probation officers, thereby violating a condition of his deferral. The family court did not abuse its discretion by revoking Beaver's DANC Plea.

4

Therefore,

IT IS HEREBY ORDERED that the Judgment of Conviction and Sentence, filed on August 17, 2011 in the Family Court of the Third Circuit is affirmed.

DATED:  Honolulu, Hawai'i, February 11, 2013.


On the briefs:

Robert K. Allen
for Defendant-Appellant

Ricky R. Damerville
Deputy Prosecuting Attorney
County of Hawai'i
for Plaintiff-Appellee


Chief Judge


Associate Judge


Associate Judge